STATE BAR GRIEVANCE ADMINISTRATOR v CHARLIP

Docket No. 56562. Argued November 4, 1976 (Calendar No. 8).—
Decided December 7, 1976.

A State Bar Grievance Board hearing panel found Eliot Charlip
guilty of conduct involving deceit by executing and delivering
deeds in blank during a series of real estate transactions, by
causing a mortgage to be foreclosed, and by retaining the
redemption payment for four years before returning it. The
panel suspended the respondent from the practice of law for
three months, which was modified to a reprimand by the State
Bar Grievance Board. On appeal by the respondent and cross-
appeal by the State Bar Grievance Administrator the matter
was remanded for an explanation of the modification of the
penalty which was filed with the Supreme Court. *Held:*

The respondent's foreclosure and retention of the entire
redemption payment is misconduct requiring the imposition of
discipline. Affirmed, but the assessment of costs against the
respondent is vacated.

ATTORNEY AND CLIENT—MISCONDUCT—MORTGAGES—FORECLOSURE.

Foreclosure of a mortgage and retention for four years of the
entire redemption payment by an attorney is misconduct re-
quiring the imposition of discipline by the State Bar Grievance
Board where the complaint against the attorney arose out of
series of real estate transactions in which he conveyed certain
property from his corporation to two purchasers by a deed
which did not mention two mortgages on the property and
signed an agreement to discharge one of the mortgages.

*Louis Rosenzweig,* for the State Bar Grievance
Administrator.

*Eliot Charlip, in propria persona.*

PER CURIAM. Both respondent and the State Bar

REFERENCE FOR POINTS IN HEADNOTE
7 Am Jur 2d, Attorneys at Law § 32.

Grievance Administrator appeal from an order of the State Bar Grievance Board reducing discipline ordered by Wayne County Hearing Panel #17 from a three-month suspension to a reprimand.

The case was remanded to the State Bar Grievance Board to state the reasons for modification of the suspension order. In its written opinion, the board concluded that a reprimand was the appropriate penalty because the respondent had practiced law almost 20 years with "an unblemished record" and "the complicated financial transactions" in question took place among "sophisticated business people".

The complaint against Mr. Charlip arose out of a series of real estate transactions. A warranty deed, signed by the respondent, conveyed certain property from his corporation to Mr. Freedman and Mr. Falk. The deed did not mention two mortgages on the property. Another instrument contained an agreement to discharge one of the mortgages. Mr. Charlip's signature also appeared on this instrument.

The respondent testified that he did not intend to convey the property, but that Mr. Freedman and Mr. Falk completed the deed after he had signed a blank form. He stated that his promise to discharge the mortgage was contingent on payment of an additional $1,500 by the purchasers. The purchasers testified that they never agreed to pay the $1,500. Mr. Charlip instigated foreclosure proceedings on the disputed mortgage. The mortgage was foreclosed, and Freedman and Falk paid $8,875.61 to redeem from the foreclosure sale. The respondent retained this amount four years before returning it to Freedman and Falk.

We find the respondent's foreclosure and retention of the entire redemption payment to be mis-

conduct requiring the imposition of discipline. We affirm the State Bar Grievance Board's evaluation of the appropriate penalty, but vacate the assessment of expenses against the respondent. Grievance Board Rule 16.24(h).

KAVANAGH, C. J., and WILLIAMS, LEVIN, COLEMAN, FITZGERALD, LINDEMER, and RYAN, JJ., concurred.